```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
```

| | |
|---|---|
| JABARI ROLLE, by his father and natural guardian, Joseph Emanuel, | AMENDED COMPLAINT 09 CV 5146 (CBA)(RLM) |
| Plaintiff, | |
| -against- | |
| THE CITY OF NEW YORK, FRANK PALUMBO, FRANK GALLAGHER, and JOHN DOE, the actual name being unknown, employees of the New York City Police Department, and LAN CHEUNG, | **Jury Trial Demanded** |
| Defendants. | |

```
------------------------------------------------------------x
```

JABARI ROLLE, by his father and natural guardian, Joseph Emanuel, by his attorney, Matthew Flamm, alleges the following upon information and belief as his Amended Complaint.

### Nature of the Action

1. This civil rights action arises from the November 21, 2008 unlawful arrest of fourteen year old Jabari Rolle by New York City Police Officers. Plaintiff seeks declaratory relief pursuant to 28 U.S.C. §2201, and, under 42 U.S.C. §1983, compensatory and punitive damages for violation of his civil rights.

### Jurisdiction and Venue

2. This action arises under the United States Constitution and 42 U.S.C. §1983. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 and §1343(3).

3. Under 28 U.S.C. §1391(b), venue is proper in the Eastern District of New York because events giving rise to the claims occurred in that judicial District.

Parties

4. Plaintiff JABARI ROLLE is a citizen of the United States of America residing in the State and City of New York, County of Kings. Plaintiff was born in October 1994 and, at the time of the incidents complained of herein, was fourteen years of age and attending Transit Tech High School in Brooklyn. Other than this incident, he has not been arrested.

5. Defendant FRANK PALUMBO, Shield 16257, was at all times relevant a duly appointed and acting Police Officer employed by the New York City Police Department and assigned to the 79th Police Precinct in Brooklyn, New York.

6. Defendant FRANK GALLAGHER, Shield 24367, is the partner of defendant Palumbo and was at all times relevant a duly appointed and acting Police Officer employed by the New York City Police Department and assigned to the 79th Police Precinct in Brooklyn, New York.

7. Defendant JOHN DOE, whose actual name is currently unknown, is an Asian male. Defendant Doe was at all times relevant a duly appointed and acting Police Officer employed by the New York City Police Department and assigned to the 79th Police Precinct in Brooklyn, New York.

8. Defendant LAN CHEUNG is an Asian female.

9. At all times relevant defendants Palumbo and Doe were acting under color of state law.

10. Defendants Palumbo, Gallagher and Doe were at all times relevant acting as agents, servants and employees acting within the scope of their employment by defendant City of New York.

Notice of Claim

11. On or about November January 15, 2009 and within 90 days of the events giving rise to the instant case, the plaintiff filed a Notice of Claim upon

defendant City of New York by delivering copies thereof to the person designated by law as a person to whom such claims may be served.

12. The Notice of Claim was in writing, sworn to by the plaintiff, and contained the name and post office address of the plaintiff.

13. The Notice of Claim set out the nature of the claim, the time when, the place where, and manner by which the claim arose, and the damages and injuries claimed to have been sustained.

14. The City of New York has neglected and failed to adjust the claims within the statutory time period.

15. This action was commenced within one year and ninety days after the happening of the event upon which the claims are based.

## Facts Underlying Plaintiff's Claims for Relief

16. On November 21, 2008 at approximately 9:30 p.m., Jabari Rolle was returning home from a friend's home when Police Officers employed by the City of New York, including defendants Palumbo, Gallagher and Doe, accosted him at gun point. Plaintiff was arrested on Hancock Street between Marcy Avenue and Thompkins Avenue in Brooklyn, New York.

17. Upon information and belief, defendant Leung falsely identified Jabari Rolle as having committed a crime against her and defendants Palumbo, Gallagher and Doe knew or should have known of the false identification.

18. Alternatively, and upon information and belief, defendant Leung, at the prompting or insistence of defendants Palumbo, Gallagher, Doe or other New York City Police Department employees, falsely identified Jabari Rolle as having committed a crime against her and thereafter informed New York City Police Department employees, including defendants Palumbo, Gallagher and Doe, of the faulty identification.

19. Without probable cause to believe that Jabari Rolle was involved in any crime, defendants Palumbo, Gallagher, Doe or other New York City Police Department employee arrested and handcuffed the plaintiff and transported him to the 79th Precinct Stationhouse and then to to Spofford Detention Center in the Bronx.  Staff at Spofford refused to take custody of Mr. Rolle because he had not been arraigned.  Plaintiff was returned to the 79th Precinct Stationhouse and arrived at approximately 5:30 a.m. on November 22, 2009.  Mr. Rolle was thereafter transported to Brooklyn Central Booking.

20. Additionally, Mr. Rolle was unlawfully strip searched at both Spofford and at the 79th Precinct Stationhouse.

21. On November 23, 2009, plaintiff was arraigned in Kings County Criminal Court under Docket No. 2008KN087541 on the false charges of violating Penal Law §160.10, Robbery in the Second Degree, Penal Law §160.05, Robbery in the Third Degree, Penal Law §155.30, Grand Larceny in the Fourth degree, Penal Law §120.14, Menacing in the Second Degree, Penal Law §155.25, Petit Larceny, Penal Law §265.01, Criminal Possession of a Weapon in the Fourth Degree, and Penal Law §240.26, Harassment in the Second Degree.  Plaintiff was released on his own recognizance.

22. Plaintiff was ordered under threat of the issuance of an arrest warrant and of arrest to appear in Kings County Criminal Court on December 16, 2008, April 6, 2009 and May 29, 2009.  On May 29, 2009, the charges were dismissed upon the motion of the District Attorney.

23. Plaintiff was charged or allowed to be charged by defendants Palumbo, Gallagher, Doe and/or Leung even though Mr. Rolle had committed no crimes and despite that defendants Palumbo, Gallagher, Doe and Leung had no reasonable basis to believe that the plaintiff had committed any crimes.

24. Defendants Palumbo, Gallagher and Doe, and each of them, despite having a reasonable opportunity to do so, took no action to prevent or end the unlawful detention, arrest and prosecution of Jabari Rolle.

25. As a result of the foregoing, plaintiff suffered mental anguish, shock, fright, trauma and deprivation of his constitutional rights, among other injuries. He suffered loss of freedom. He was forced to report to Kings County Criminal Court to answer the baseless charges.

26. At all times relevant, and in arresting and prosecuting Mr. Rolle or allowing his arrest and prosecution, defendants Palumbo, Gallagher, Doe and Leung acted intentionally, willfully, maliciously, and with reckless disregard for and deliberate indifference to plaintiff's rights and physical well-being.

FIRST CLAIM FOR RELIEF FOR
VIOLATING PLAINTIFF'S RIGHT TO BE FREE FROM
UNREASONABLE SEARCHES AND SEIZURES UNDER THE FOURTH AND
FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION

27. Plaintiff repeats the allegations of paragraphs 1-26 as though fully stated herein.

28. By the actions described above, defendants Palumbo, Gallagher and Doe deprived Mr. Rolle of rights secured by the Constitution and laws of the United States, including, but not limited to, his right to be free and secure in his person and his right to be free from arrest or search, except on probable cause or pursuant to a warrant.

29. As a consequence thereof, Jabari Rolle has been injured.

SECOND CLAIM FOR RELIEF FOR FALSE IMPRISONMENT

30. Plaintiff repeats the allegations of paragraphs 1-26 as though fully stated herein.

31. By reason of the foregoing, plaintiff was intentionally confined without privilege or probable cause to believe a crime had been committed.

Plaintiff was aware of and did not consent to the confinement. Plaintiff was thereby falsely arrested and imprisoned.

32. As a consequence thereof, Jabari Rolle has been injured.

### THIRD CLAIM FOR RELIEF FOR ASSAULT

33. Plaintiff repeats the allegations of paragraphs 1-26 as though fully stated herein.

34. By the actions described above, plaintiff was intentionally placed in apprehension of imminent harmful and offensive contact.

35. As a consequence thereof Jabari Rolle has been injured.

### FOURTH CLAIM FOR RELIEF FOR BATTERY

36. Plaintiff repeats the allegations of paragraphs 1-26 as though fully stated herein.

37. By the actions described above, plaintiff was intentionally touched in a harmful and offensive manner.

38. As a consequence thereof Jabari Rolle has been injured.

### FIFTH CLAIM FOR RELIEF FOR MALICIOUS PROSECUTION IN VIOLATION OF PLAINTIFF'S RIGHTS UNDER THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION

39. Plaintiff repeats the allegations of paragraphs 1-26 as though fully stated herein.

40. Defendants Palumbo, Gallagher and Doe, and each of them, without probable cause and with actual malice, commenced or allowed the commencement of a Criminal Court proceeding against Mr. Rolle.

41. Mr. Rolle suffered a deprivation of liberty resulting from government seizure in the form of legal process, being compelled, under threat of issuance of an arrest warrant and arrest, to appear in Criminal Court to contest the baseless charge.

42. As a consequence thereof Jabari Rolle has been injured.

### SIXTH CLAIM FOR RELIEF FOR MALICIOUS PROSECUTION

43. Plaintiff repeats the allegations of paragraphs 1-26 as though fully stated herein.

44. By reason of the foregoing, plaintiff was maliciously and without probable cause subjected to a criminal prosecution, said prosecution ending in plaintiff's favor.

45. As a consequence thereof Jabari Rolle has been injured.

### SEVENTH CLAIM FOR RELIEF FOR FAILURE TO INTERVENE TO PREVENT THE VIOLATION OF PLAINTIFF'S CIVIL RIGHTS

46. Plaintiff repeats the allegations of paragraphs 1-26 as though fully stated herein.

47. Defendants Palumbo, Gallagher and Doe, and each of them, failed to intervene to prevent, end, or truthfully report the unlawful conduct to which Mr. Rolle was subjected, despite having a reasonable opportunity to do so.

48. As a consequence thereof, Jabari Rolle has been injured.

### EIGHTH CLAIM FOR RELIEF FOR NEGLIGENCE

49. Plaintiff repeats the allegations of paragraphs 1-26 as though fully stated herein.

50. The acts complained of herein resulted from defendant City of New York, through its agents, servants and employees, breaching its duty properly to assign, train, supervise or discipline its law enforcement personnel, including assigning, training, supervising or disciplining individual Police personnel who unlawfully detain and arrest and make or allow false allegations.

51. The defendant City of New York's failure properly to assign, train, supervise or discipline its Police, including the Police Officers involved herein, constitutes acquiescence in and tolerance of ongoing unconstitutional detentions, arrests, and lodging of false allegations and allowed defendants Palumbo,

Gallagher and Doe to believe that they could with impunity arrest and prosecute Mr. Rolle.

    52.    As a consequence thereof, Jabari Rolle has been injured.

<u>Request for Relief</u>

WHEREFORE, plaintiff respectfully requests that judgment be entered as follows:

(A) A Declaratory Judgment that plaintiff's right to be free from unlawful arrest and prosecution was violated;

(B) Compensatory damages in an amount to be fixed at trial;

(C) By reason of the wanton, willful and malicious character of the conduct complained of herein, punitive damages from the individual defendants in an amount to be fixed at trial;

(D) An award to plaintiff of the costs and disbursements herein;

(E) An award of attorney's fees under 42 U.S.C. §1988; and

(F) Such other and further relief as this Court may deem just and proper.

Dated: February 3, 2010
       Brooklyn, New York

                                      Matthew Flamm
                                      Attorney for Plaintiff
                                      26 Court Street, Suite 600
                                      Brooklyn, New York  11242
                                      (718) 797-3117